UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEN H. SCOTT                                                            CIVIL ACTION

VERSUS                                                                  NO. 07-6272

JEFFERY E. TRAVIS                                                       SECTION: "J"(3)

### REPORT AND RECOMMENDATION

Plaintiff, Ben H. Scott, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Jeffery E. Travis. Plaintiff complains that, after he was evacuated due to Hurricane Katrina, his legal documents were lost by defendant.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Plaintiff alleges that, in the aftermath of Hurricane Katrina, he was evacuated from the Jefferson Parish Correctional Center and forced to leave behind his personal property, including his legal documents. He was later informed that his legal documents were delivered to Jeffery Travis, the defendant in this lawsuit.[3] Plaintiff alleges that he never received the documents from Travis and that they have since been lost.

Plaintiff filed an administrative grievance with the Secretary of the Louisiana Department of Public Safety and Corrections concerning the lost documents; however, that grievance was apparently forwarded to officials at the Louisiana State Penitentiary, where plaintiff was then incarcerated, for response. The grievance was subsequently rejected and plaintiff was told that any grievance regarding the property must be filed with the Jefferson Parish Correctional Center.[4]

Plaintiff challenged the rejection of that administrative grievance by filing a petition for judicial review in the Louisiana Nineteenth Judicial District Court.[5] On June 7, 2007, a commissioner of that court recommended that the rejection of plaintiff's administrative grievance be reversed.[6] On July 16, 2007, Judge Wilson Fields essentially adopted that recommendation and ordered:

> [J]udgment is rendered reversing the Department's decision and allowing Petitioner to file his initial complaint concerning property loss and the Director of Legal Programs at Louisiana State Penitentiary is ordered to forward the entire

---

[3] See Complaint, Exhibit C.

[4] See Complaint, Exhibit A.

[5] See Complaint, Exhibit E.

[6] See Complaint, Exhibit F.

administrative record to the Secretary for consideration. If the decision is adverse to Petitioner, he may then file an appeal of the ARP with the Nineteenth Judicial District Court.[7]

Pursuant to that order, on August 14, 2007, Linda Ramsay, on behalf of the Secretary of the Louisiana Department of Public Safety and Corrections, reviewed plaintiff's grievance and responded as follows:

> Jefferson Parish Correctional Center delivered inmate Ben Scott's property to Dixon Correctional Institute to be delivered to the Federal Bureau of Prisons in Florida. A review of all documentation indicates this box, 19" x 18" x 17 3/4" (standard box issued for property), containing several envelopes and folders of paper, belonging to inmate Ben Scott #94592 was received by DCI employee Assistant Warden Travis. The box was forwarded to inmate Ben Scott #94592 via a DOC bus that went to the Florida location to transport other inmates back to Louisiana. Inmate Scott did not receive his property and the location of the box at this time is not determined. A thorough search for the inmate's property was unsuccessful.
>
> In response to a inquiry by the inmate to Warden Travis regarding these documents, an investigator was assigned to assist in locating and/or replacing the documents. The names of three different Law Enforcement Agencies was produced by the inmate with a list of articles/documents needed as replacements. Lt. Crawford obtained copies of the requested documents and forwarded them to the inmate. The inmate then made additional request for documentation that was not accessible. The actual contents of the box was unknown except a vague description of papers and folders. Warden Travis via Lt. Crawford has made every attempt to secure copies of the inmates legal work and has also obtained copies that the inmate had previously been denied access.
>
> Due to the extenuating circumstances, the unknown contents of the property, and the fact that copies were obtained of the inmate's court documents, no further investigation is warranted.[8]

---

[7] See Complaint, Exhibit G.

[8] See Complaint, Exhibit H.

4

On or about August 21, 2007, an attorney for the Louisiana Department of Public Safety and Corrections filed with the Louisiana Nineteenth Judicial District Court a "Notice of Compliance" to show that, in accordance with Judge Fields' prior order, the Secretary of the Department had considered plaintiff's grievance.[9] Rather than appealing the adverse determination in the Louisiana Nineteenth Judicial District Court as he was instructed to do by Judge Fields, plaintiff has instead filed the instant civil rights action in this federal court.

Plaintiff is not allowed to bring a civil rights claim for his lost property in federal court. In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all. Plaintiff's contention that Travis "lost" the legal documents after taking possession of them from the Jefferson Parish Correctional Center is, at best, an allegation of negligence and, therefore, simply is not cognizable in this federal forum. If he wishes to assert a claim for his lost documents, he may do so only in the state courts.[10]

---

[9] See Complaint, Exhibit H.

[10] Even if plaintiff's claim had been premised on intentional conduct, it still would be barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy for lost property, i.e. a tort suit brought in state court. Samuels v. Hay, 128 Fed. App'x 395, 396 (5th Cir. 2005); Parker v. Strain, Civ. Action No. 06-9459, 2007 WL 38281, at *2 (E.D. La. Jan. 3, 2007); Charles v. Sheriff Orleans Parish, Civ. Action No. 06-0053, 2006 WL 2604613, at *2-3 (E.D. La. Sept. 6, 2006); Gill v. Shoemate, Civ. Action No. 05-2124, 2006 WL 1285412, at *7-8 (W.D. La. May 8, 2006).

Moreover, to the extent that plaintiff is attempting to restyle his property deprivation claim as an "access to courts" claim, it still fails. An "access to courts" claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; "access to courts" claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983. Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988); see also Sims v. Landrum, 170 Fed. App'x 954 (6th Cir. 2006); Turner v. Donnelly, 156 Fed. App'x 481, 483-84 (3rd Cir. 2005); Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005); Monroe v. Scott, No. 97-20285, 1998 WL 546532, at *1 (5th Cir. Aug. 14, 1998); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992). Because plaintiff's claim against Travis is clearly founded on an allegation of negligence, it is not cognizable.[11]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's lost property claim be **DISMISSED WITHOUT PREJUDICE** to his right to assert his claims in state court.

It is **FURTHER RECOMMENDED** that plaintiff's "access to courts" claim be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

[11] In this opinion, the Court has assumed that plaintiff is suing Travis in his individual capacity. However, out of an abundance of caution, the Court notes that any claim against Travis, a state employee, in his official capacity is barred by the Eleventh Amendment. George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *2-3 (E.D. La. May 10, 2007).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of October, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**